UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDAR LODGE PLANTATION, LLC,
ET AL

CIVIL ACTION

VERSUS

NUMBER 13-129-BAJ-SCR

CSHV FAIRWAY VIEW I, LLC,
ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 16, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDAR LODGE PLANTATION, LLC,
ET AL

VERSUS

CSHV FAIRWAY VIEW I, LLC,
ET AL

CIVIL ACTION

NUMBER 13-129-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Cedar Lodge Plantation, LLC and Phillips C. Witter, individually and on behalf of all similarly situated persons. Record document number 9. The motion is opposed.[1]

On January 29, 2013, the plaintiffs filed their Petition for Damages as a purported class action in state court seeking damages resulting from the improper discharge of contaminants, hazardous substances, and raw sewage from the Fairway View I and Fairway View II apartment complexes onto neighboring property owned or used by the plaintiffs. Plaintiffs named CSHV Fairway View I, LLC, CSHV Fairway View II, LLC, Campus Advantage, Inc., California State Teacher's Retirement System, Heitman Capital Management and their respective insurers as defendants in the state court action.

Defendants removed the action on March 1, 2013, asserting

---

[1] Record document number 13. Plaintiffs filed a reply memorandum. Record document number 16. Defendants filed a surreply memorandum. Record document number 19.

subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). Defendants alleged that (1) the amount in controversy exceeds five million dollars, (2) the putative class contains at least 100 class members, (3) minimal diversity exists, and (4) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.[2]

Plaintiffs then filed their First Amended Complaint for Damages on March 19, 2013, adding Sewer Treatment Specialists, LLC ("STS") as a defendant.[3] Plaintiffs alleged that on February 5,

---

[2] Removing defendants alleged minimal diversity of citizenship as follows: (1) plaintiff Cedar Lodge Plantation is an Louisiana limited liability company with its principal place of business in Louisiana, and plaintiff Witter lives near the apartment complex at issue and thus is a Louisiana resident, and (2) defendants Fairway View I and Fairway View II are both limited liability companies organized under the law of Delaware with their principal places of business in Illinois, and defendant Campus Advantage is a Delaware corporation with its principal place of business in Texas. Record document number 1, Notice of Removal, ¶¶ 40-47.

For the purpose of this motion, the court assumes that Witter is a Louisiana citizen, since his citizenship was uncontested by the plaintiffs. Thus, Witter and Campus Advantage are minimally diverse. The citizenship of a limited liability company is determined by considering the citizenship of all its members. Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332 (d). Defendants' allegations in the notice of removal are not sufficient to satisfy the federal standard for properly alleging the citizenship of a limited liability company. However, for purposes of this Magistrate Judge's Report the defendants' failure to properly allege diversity citizenship of the LLC parties is inconsequential.

[3] Record document number 7.

2013 they issued a subpoena to STS to produce test results performed on Fairway View's sewer system. Plaintiff alleged that they received responsive documents on March 8, 2013. These documents showed that STS had a contract with Fairway View for operation and maintenance of its sewer system and to provide inspection, testing, and repairs to the system.

Relying on CAFA's local controversy exception, § 1332(d)(4)(A)(i)(II), the plaintiffs moved to remand. Plaintiffs argued that STS is a local defendant and that the case meets the requirements of the local controversy exception. Defendants opposed the remand on the basis that STS was improperly added as a defendant for the sole purpose of divesting subject matter jurisdiction. Defendants alternatively argued that the plaintiffs failed to show that STS's alleged conduct forms a significant basis of their claims.

## Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.,* 128

F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

Congress enacted the Class Action Fairness Act (CAFA) to expand federal jurisdiction over interstate class action lawsuits of national interest. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007). The CAFA general jurisdictional requirements are that: (1) the class action involve a matter in controversy that in the aggregate exceeds the sum or value of $5,000,000, and (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, i.e. minimal diversity of the parties. 28 U.S.C. § 1332(d)(2) and (6); *In re Katrina Canal Litigation Breaches*, 524 F.3d 700, 706 (5th Cir. 2008). CAFA eliminates the standard requirements of unanimous consent among the defendants and the one-year removal deadline. *Preston*, 485 F.3d at 810.

The CAFA diversity jurisdiction requirements are subject to mandatory grounds on which a court must decline jurisdiction. Section 1332(d)(4) provides as follows:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)--
>   (A)(i) over a class action in which--
>     (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>     (II) at least 1 defendant is a defendant--

4

>              (aa)  from whom significant relief is sought by
>                    members of the plaintiff class;
>              (bb)  whose alleged conduct forms a significant
>                    basis for the claims asserted by the
>                    proposed plaintiff class; and
>              (cc)  who is a citizen of the State in which
>                    the action was originally filed; and
>        (III) principal injuries resulting from the alleged
>              conduct or any related conduct of each
>              defendant were incurred in the State in which
>              the action was originally filed; and
>    (ii) during the 3-year period preceding the filing of
>         that class action, no other class action has been
>         filed asserting the same or similar factual
>         allegations against any of the defendants on behalf
>         of the same or other persons; or
> (B) two-thirds or more of the members of all proposed
>     plaintiff classes in the aggregate, and the primary
>     defendants, are citizens of the State in which the action
>     was originally filed.

Plaintiffs have the burden to show the applicability of the §§ 1332(d)(3)-(5) exceptions when jurisdiction turns on their application. *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006).

## Analysis

A review of the parties' arguments and evidence establishes that the plaintiffs' amendment was timely and proper, and that the defendants' opposition to the motion are factually and legally unsupported.

Pursuant to Rule 15(a), Fed.R.Civ.P., the plaintiffs filed their First Amended Complaint for Damages without leave of court prior to the filing of the defendants' answer.[4] This amendment was

---

[4] Under Rule 15(a)(1)(B), Fed.R.Civ.P. a party may amend its
(continued...)

filed less that two months after the filing of the state court petition and within weeks of the defendants' Notice of Removal.

Initially, the defendants emphasized the general principle that jurisdiction is established at the time of removal and cannot be destroyed by post-removal events.[5]  This argument is unpersuasive in the context of this case.  The local controversy exception requires remand to the state court of a class action that otherwise satisfies CAFA's jurisdictional requirements.  Thus, an amendment with allegations that establish the exception does not "destroy" CAFA jurisdiction in the usual sense, but remand is nonetheless required.[6]

Plaintiffs have presented sufficient evidence to show they did not learn of STS's potential liability until after the Notice of Removal was filed.  Although the plaintiffs' subpoena was served about one month before the Notice of Removal was filed, the response to the subpoena was not received until after the Notice of Removal was filed.  Plaintiffs have shown that (1) they could not

---

[4](...continued)
complaint once within 21 days after service of the answer.

[5] Record document number 13, Memorandum in Opposition to Motion to Remand, pp. 6-10.

[6] *See, Preston*, 485 F.3d at 810 (controversy and home state exceptions requiring court to decline exercise of jurisdiction represent classic formulation for abstention); *Opelousas General Hospital Authority v. Fairpay Solutions, Inc.*, 655 F.3d 358, 360 (5th Cir. 2011)(local controversy exception requires district court to remand a class action that otherwise satisfies CAFA's jurisdictional requirements).

obtain information indicating STS's potential liability until after the Notice of Removal was filed, and (2) they were diligent in their efforts to obtain this information after the suit was filed. Other than conclusory allegations, the defendants have not provided any evidence to demonstrate the plaintiffs added STS for the sole purpose of circumventing this court's subject matter jurisdiction based on CAFA.

Attached to the defendants' Surreply in Support of Opposition to Motion to Remand is the declaration under penalty of perjury by Michael Hanley. Hanley asserted that prior to the filing of the state court petition, he "spoke with the Plaintiffs' attorney, Michael Platte, who questioned me about the Fairway View Apartments' wastewater lift station and STS's operation with respect to that wastewater lift station." Hanley then asserted:

> On information and belief, Plaintiffs' attorneys knew of the contract referenced in paragraph 2 [of the declaration], above, and were fully aware that STS had signed a contract to perform periodic inspections and maintenance of the wastewater lift station when they filed the lawsuit against the original defendants on January 29, 2013.

Hanley declaration is unavailing. He did not state that during this conversation he told the plaintiffs' attorney about the STS contract, nor did he state that the plaintiffs' attorney told him that he, the plaintiffs' attorney, already knew about the STS contract. The problem with Hanley's assertion "on information and belief" is that his declaration does not contain any factual

7

information sufficient to support his belief. Therefore, it is not reasonable to conclude from Hanley's declaration that the plaintiffs' attorney, much less the plaintiffs, knew about the STS contract before the state court petition was filed.

Because no forum manipulation has been demonstrated, the defendants' request that the court review the amendment pursuant to 28 U.S.C. § 1447(e) is unwarranted, particularly in light of the findings above.[7]

Defendants' reliance *Braud v. Transport Service Co. Of Illinois* in support of its position is also misplaced.[8] In *Braud*, the Fifth Circuit found that the plaintiff's amendment, dismissing

---

[7] 28 U.S.C. § 1447(e) provides as follows:
  If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.
*Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987), appeal after remand, 869 F.2d 879 (5th Cir. 1989), directs this court to consider several factors in deciding whether to grant a motion for leave to amend when doing so will require remanding the case:
  In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.
*Hensgens*, 833 F.2d at 1182.
  An analysis pursuant to *Hensgens* leads to the same conclusion: no forum manipulation.

[8] 445 F.3d 801 (5th Cir. 2006).

8

a diverse defendant after the notice of removal was filed, could not destroy CAFA jurisdiction. However, the Court's decision was based on a finding that the purpose of the plaintiff's amendment was to destroy diversity and that the plaintiff could not proffer any other reason for its dismissal. The court also noted that "[a] federal court nonetheless may properly remand if the amendment dismissing the removing defendant was made for legitimate purposes, provided, of course, that CAFA's minimal diversity requirement is not satisfied after the dismissal of the removing defendant."[9]

Defendants also relied on *Casias v. Distribution Management Corp.* in support of its argument that post removal amendments cannot divest CAFA jurisdiction.[10] This case is not controlling and is distinguishable because the court's decision was based on a finding that the sole purpose of the amendment was to defeat diversity jurisdiction.

Because no such finding has been made in this case, the claim against STS is included in the CAFA jurisdictional analysis. Plaintiffs have shown that the CAFA local controversy exception requirements have been met based on their claim against STS.

Defendants' alternative argument, that STS's conduct does not form a significant basis for the plaintiffs' claims, is also unpersuasive. Plaintiffs alleged in the First Amended Complaint

---

[9] *Id.* at 808.

[10] 2012 WL 4511364 (D.N.M. Sept. 26, 2012).

for Damages that STS was contracted to operate and maintain Fairway View's wastewater lift state and water treatment system during the time of the improper discharge.[11]  Plaintiffs further alleged that STS failed to properly operate, maintain, service, inspect, test and/or repair the facility, which caused the discharge of contaminants and hazardous substance onto the plaintiffs' property.[12]  Based on these allegations, the plaintiffs' have demonstrated STS's potential fault for the improper discharge that caused damage to the plaintiffs' property.

Defendants' argument that the plaintiffs failed to meet their burden of proof to show the significance of STS's conduct is without merit.  Plaintiffs are not required to specifically quantify STS's fault, or provide definitive evidence to establish STS's liability to support their Motion to Remand.  Plaintiffs have properly alleged facts to demonstrate STS's potential liability and provided sufficient evidence to show that their allegations are not merely conclusory.  Plaintiffs are not required to prove their case against STS to establish that CAFA's local controversy exception applies.

*Opelousas General Hospital Authority, supra,* relied upon by the defendants is readily distinguished from the facts alleged in this case.  In *Opelousas General*, the Fifth Circuit reviewed the

---

[11] Record document number 7, ¶ 9.

[12] *Id.* at ¶ 11.

conduct of an insurer which allegedly benefitted from illegal acts performed by different defendants and which may have conspired to participate in a racketeering scheme. The types of claims and the alleged acts under scrutiny in *Opelousas General* are not comparable to the facts alleged in this case. Here defendant STS is charged with directly causing or significantly contributing to the main harm allegedly suffered by the plaintiffs.

## Conclusion

Because the plaintiffs have sufficiently shown that all of the local controversy exception requirements under § 1332(d)(4) are met CAFA jurisdiction must be declined.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Cedar Lodge Plantation, LLC and Phillips C. Witter be granted.

Baton Rouge, Louisiana, May 16, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

11