UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDAR LODGE PLANTATION, LLC,                          CIVIL ACTION
ET AL.

VERSUS

CSHV FAIRWAY VIEW I, LLC, ET AL.                     NO.: 13-00129-BAJ-SCR

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 52)** filed by

Defendant Sewer Treatment Specialists, LLC ("STS"), seeking an order dismissing

all claims of Plaintiff Cedar Lodge Plantation, LLC ("Cedar Lodge")[1] against STS

pursuant to Federal Rule of Civil Procedure ("Rule") 56. Cedar Lodge opposes this

motion. (*See* Doc. 54). The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).

Additional briefing is not required. Oral argument is not necessary. For reasons

explained fully herein, STS's motion is **DENIED**.

I.    BACKGROUND

Cedar Lodge, individually and on behalf of all similarly situated persons,[2]

has filed suit, claiming that STS and other defendants are liable for "the continuous

unpermitted discharge of harmful or hazardous substances, pollutants and/or

---

[1] At the time of the instant motion's filing, Phillips C. Witter was also a plaintiff in this suit. The Court has since granted Witter's Voluntary Motion to Dismiss Without Prejudice (Doc. 56) and dismissed all claims by Witter against all defendants. (*See* Doc. 57). Thus, Cedar Lodge is the only remaining named plaintiff in this matter.

[2] The complaint in this matter specifies a class action suit, though as of the date of the instant Ruling and Order, no class has been certified. As reflected in the minute entry of the Amended Partial Scheduling Order, the Magistrate Judge has set July 31, 2015 as the deadline to file a motion to certify a class or to strike the class allegations. (Doc. 58 at p. 2).

contaminants, including but not limited to raw sewage onto Plaintiffs' property."
(Doc. 50 at ¶ 9). Cedar Lodge alleges to own or have owned property directly
adjacent to and abutting Fairway View Apartments located at 2225 College Drive,
Baton Rouge, Louisiana, which is purportedly owned by Defendants CSHV Fairway
View I, LLC and CSHV Fairway View II, LLC (together, "Fairway View"). (*See* Doc.
50 at ¶¶ 2, 5). Cedar Lodge further alleges that STS is the service contractor for
Fairway View's wastewater lift station and water treatment system (the "Facility").
(*Id.* at ¶ 7). According to the complaint, as a result of Defendants' actions, Cedar
Lodge's property has suffered contamination of, *inter alia*, waterways, groundwater
and soil, which has caused the property to be unsuitable for use, development,
and/or sale. (*Id.* at ¶ 20). Cedar Lodge prays for relief in the form of damages,
including the cost of remediation and repair, diminution of property value, loss of
use and enjoyment of property, lost business opportunity and/or lost profits, plus
interest, statutory penalties, attorney's fees, and costs and expenses. (*Id.* at ¶ 25).

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no
genuine dispute as to any material fact and that the movant is entitled to a
judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported
motion for summary judgment is made, the adverse party must set forth specific
facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,
Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263. On the other hand, the non-movant's burden is not satisfied merely upon a showing of "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III.  DISCUSSION

STS argues that summary judgment is appropriate because Cedar Lodge has produced no evidence of any liability on the part of STS. According to STS, Cedar Lodge's answers to interrogatories, (see Doc. 52-2), provide no evidence forming a basis for STS's liability. STS highlights Interrogatory Numbers 25 and 33, regarding witnesses and evidence respectively, both to which Cedar Lodge objected to the interrogatory "as being premature as discovery has just begun in his matter." (See Doc. 52-1 at p. 4).[3] Additionally, STS contends that two reports containing contaminant test results of water and surface samples, which were produced by Cedar Lodge in response to discovery requests, do not demonstrate any liability of STS for Cedar Lodge's alleged injury. (See Docs. 52-3, 52-4).

STS's instant motion appears to have been filed in the early stages of fact discovery.[4] Nonetheless, STS may file as early as it wishes; Rule 56 permits a party to file a motion for summary judgment at any time until thirty days after the close of discovery. Fed. R. Civ. P. 56(b). In response, Cedar Lodge timely filed its opposition and made no assertion that, due to unavailable facts, it could not present facts essential to justify its opposition. See Fed. R. Civ. P. 56(d). Hence, the Court

---

[3] STS construes such responses to give rise to an "uncontested fact" that "Plaintiffs have answered discovery propounded by this defendant and these discovery answers do not reveal any liability with respect to [STS]." (Doc. 52-5 at p. 1). The only other purportedly uncontested material fact provided by STS for the purposes of summary judgment is that "[t]he plaintiff did not add [STS] as defendant in this action until after this matter was removed to Federal court by co-defendant." (Id.).

[4] One day after Cedar Lodge filed its Second Amended Complaint, STS filed the instant motion on February 6, 2015. (See Docs. 50, 52). Thus, this motion for summary judgment was filed before the initial disclosures deadline (February 27, 2015) and well before the fact discovery deadline (May 30, 2015), dates which were set by the Magistrate Judge in a scheduling conference held December 15, 2014. (See Doc. 43 at p. 2).

considers STS's motion for summary judgment on the merits herein, evaluating the limited evidence provided by the parties at the juncture of litigation in which STS's motion was submitted for hearing.

In its opposition, Cedar Lodge lists numerous material facts still in dispute, *inter alia*:

- STS was aware of the fact that Fairway View did not possess the proper permits necessary for the ownership, operation and maintenance of the Facility, yet it failed to report this noncompliance to the proper governmental authorities.
- STS agreed through the Service Contract executed on January 1, 2009 that it would operate and maintain the Facility, including, but not limited to, operating, maintaining, servicing, inspecting, testing and repairing the Facility including all of its component parts.
- STS negligently performed its work at and on the Facility including, but not limited to, its failure to properly operate, maintain, service, inspect, test and/or repair the Facility including all of its component parts, which caused the unpermitted discharge of contaminants and hazardous substances onto Plaintiffs' property, including . . . the discharge of raw sewage.
- Both Fairway View and STS were aware of the discharge of contaminants on Plaintiffs' property, . . . yet they failed to report the discharge to the proper governmental agencies or authorities and failed to warn the Plaintiffs.

(*See* Doc. 54-1 at ¶¶ 6–7, 9–10).

To support its assertion that these facts remain in dispute, Cedar Lodge attaches the Service Contract entered into on January 1, 2009 between STS and Fairway View, which memorialized STS's agreement to operate and maintain Fairway View's wastewater lift station and perform various enumerated tasks regarding the inspection of the Facility. (*See* Doc. 54-2). Further, Cedar Lodge provides documentation of instances of pump malfunctions, sewer backup, and

unintended discharge of sewage, for which STS charged Fairway View for repair services. (*See generally* Doc. 54-3).

On summary judgment, the sole issue raised by STS is whether Cedar Lodge has produced sufficient evidence of STS's liability in this matter. The Court concludes that Cedar Lodge has borne its burden to demonstrate, beyond merely making bare assertions, the existence of genuine issues regarding STS's legal obligation to operate and maintain Fairway View's wastewater lift station and water treatment system. Viewing the facts in the light most favorable to the non-movant Cedar Lodge and drawing all reasonable inferences in its favor, the Court finds that Cedar Lodge has made a sufficient showing that a reasonable jury could arrive at a verdict in Cedar Lodge's favor.

IV. CONCLUSION

Accordingly,

The **Motion for Summary Judgment (Doc. 52)** filed by Defendant Sewer Treatment Specialists, LLC is **DENIED**.

Baton Rouge, Louisiana, this 8th day of May, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**