UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CEDAR LODGE PLANTATION, LLC, and PHILLIPS C. WITTER, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS** | * * * * * | **CIVIL ACTION** |
| | * | **NO.: 3:13-cv-00129-BAJ-EWD** |
| **Plaintiffs** | * * | |
| **VERSUS** | * * | |
| **CSHV FAIRWAY VIEW I, LLC, CSHV FAIRWAY VIEW II, LLC, CAMPUS ADVANTAGE, INC., HEITMAN CAPITAL MANAGEMENT, CALIFORNIA STATE TEACHERS', RETIREMENT SYSTEM, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, AND UVW INSURANCE COMPANY** | * * * * * * * * * * | **JUDGE BRIAN A. JACKSON**  **MAG. JUDGE ERIN WILDER-DOOMES** |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CEDAR LODGE'S MEMORANDUM IN SUPPORT TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF INCLUDING EVIDENCE OF POST-JANUARY 29, 2013 DISCHARGES

In support of its accompanying Motion to Reopen Discovery for the Limited Purposee of Including Evidence of Post-January 29, 2013 Discharges, the plaintiff, Cedar Lodge Plantation, LLC ("Cedar Lodge"), files the below Memorandum in Support.

Under Federal Rule of Civil Procedure 16(b)(4), discovery may be reopened "only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). A party seeking to reopen discovery bears the burden of establishing that good cause exists. *See Pharm., Inc. v. Am. Pharm. Partners, Inc.*, 2008 U.S. Dist. LEXIS 73293 (E.D.N.Y. Sept. 24, 2008). Courts have a "strong policy favoring disposition of cases on their merits and on the basis of reasonably complete pretrial disclosure." *Levi Strauss & Co. v. Golden Trade S.R.L.*, 1992 U.S. Dist. LEXIS 11088 at \*7–\*8

(S.D.N.Y. July 24, 1992). In determining whether a motion to reopen discovery satisfied the "good cause" requirement, courts consider the following factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C.2011) (quoting *Childers v. Slater*, 197 F.R.D. 185, 187–88 (D.D.C.2000)).

Weighing these six factors shows that the context warrants this Court to grant this motion for limited discovery.

**1.    There is good cause to grant this motion**.

Cedar Lodge has taken samples at the pond. This evidence shows that Cedar Lodge is discharging raw sewage into the pond and that the sewage discharges are ongoing.

> ***a.    This Court has concluded that evidence of post-January 29, 2013 discharges is relevant to Cedar Lodge's claims, making the inclusion of such evidence important for the trier of fact.***

Cedar Lodge's claims are based, in part, on its allegations of ongoing discharges of raw sewage by Fairway View constitute an ongoing nuisance. This Court ruled that evidence of post-January 29, 2013 discharges is relevant to Cedar Lodge's allegations that Fairway View's alleged tortious conduct is continuous, because "[a] finding of 'continuous' discharges over time would be a basis upon which the Court might award any warranted equitable relief and upon which the jury might award monetary relief for Cedar Lodge's damages." *See* Doc. 271 at 29 (Ruling and Order) (Sept. 6, 2017). However, fact discovery concluded in this matter on December 31, 2015. As such, evidence of recent discharges is both (1) highly relevant to whether there are ongoing

discharges, and (2) precluded due to the close of discovery <u>over three and a half years ago</u>. Because fact discovery closed over three and a half years ago, and because this Court has concluded that evidence of discharges since January 2013 is relevant as to whether Cedar Lodge is continuing to discharge, this Court should grant Cedar Lodge the ability to add more recent evidence of discharges. Specifically, Cedar Lodge requests that this Court allow the parties to present evidence of more recent discharges.

> **b.** *The state-court matter's* **res judicata** *ruling makes it important that this evidence be considered in the federal matter, and if discovery is not reopened then Cedar Lodge will be forever barred from having an expert opine on the more recent technical evidence.*

Cedar Lodge has taken samples at the pond. These ponds show evidence of ongoing raw sewage discharges from the apartments into the pond. In fact, Cedar Lodge has diligently filed suit in state court over these recent discharges. *See Cedar Lodge Plantation, LLC v. CSHV Fairway View I, LLC, et al.* (19th Judicial District Court, East Baton Rouge Parish, Docket 665398-B-26, Judge Richard "Chip" Moore). The state court ruled in that matter that the claims based on new discharges are barred by *res judicata* due to this action. *See* Exhibit A (Order of October 2, 2018). As such, Cedar Lodge is left without a remedy for more recent illegal discharges by the Defendants. The state court ruling effectively states that Cedar Lodge's allegations are covered by this matter, despite that Cedar Lodge's claims based on more recent discharges are precluded by the closing of the discovery period in 2015.

Moreover, this matter's travel through federal Fifth Circuit appellate proceedings has delayed the trial so much that the jury will be impeded in considering the fact of the "ongoing" nature of discharges because they cannot consider any data from the four years prior to trial.

> **c.** *Barring evidence will result in the experts being forced to give incomplete*

> *opinions on evidence when they know that there is more evidence that could affect their opinions and the basis for those opinions.*

The experts are scheduled to testify as to whether the pond is contaminated and whether the sewage system is continuing to discharge raw sewage into the pond. It would lead to incomplete, awkward, and possibly unqualified testimony if the experts are to both know of more recent sampling results that affect their opinions and bases for those opinions but be precluded from acknowledging that evidence.

Based on these "good cause" reasons, and with further support from the four factors, this Court should grant the parties the limited right to bring forth evidence of more recent discharges.

**2.     First Factor—Trial is not imminent.**

Trial in this matter is not scheduled until February 10, 2019, six months away. *See* Order (Doc. 281). That is, trial is not imminent, and this weighs in favor of granting this motion. Along those lines, the key bench books and jury forms are not due until January 10, 2019, five months away. *Id*. This factor weighs strongly in granting Cedar Lodge's motion.

**3.     Second Factor—This motion is opposed.**

This motion is opposed by the Defendants.

**4.     Third Factor—There is little to no prejudice to the non-moving party, and Cedar Lodge will be prejudiced if it cannot enter this evidence.**

It is true that the evidence of contamination is bad for Fairway View, but that is not *undue* prejudice because it goes to the substance of the claims and evidence. There is no meaningful prejudice other than the passage of time, which is not a basis under this factor. *In re Christou, Bankruptcy Nos. 06–68251–MHM, 06–68376–MHM,* 2008 WL 7880888, at *1 (Bkrtcy. N.D.Ga. Nov. 30, 2008) ("Defendant has presented no specific evidence of prejudice except the mere passage of time.").

Further, as noted above, if Cedar Lodge cannot enter this evidence in this matter, and if the state court *res judicata* appeal is denied, then it is actually Cedar Lodge who will be unduly prejudiced by not being able to present competent evidence of the Defendant's continuous contamination of the Cedar Lodge pond. This factor weighs strongly in favor of granting Cedar Lodge's motion.

5. **Fourth Factor—Cedar Lodge was diligent in obtaining discovery within the guidelines established by the court.**

Cedar Lodge diligently sought and obtained discovery within the scheduling order established by this Court. That scheduling order called for discovery to close on December 31, 2015. Three and a half years have passed since the close of discovery. In order to protect itself, Cedar Lodge sampled the pond on more than one occasion, and due to its findings, it has diligently filed suit in state court. Cedar Lodge did thorough discovery prior to the discovery deadline. This factor weighs strongly in granting Cedar Lodge's motion.

6. **Fifth Factor—the foreseeability factor supports Cedar Lodge because of the nature of the claims and fact allegation of "ongoing" discharge.**

The "foreseeability" factor is of little use here because we are talking about new evidence that did not exist prior to the close of discovery. That said, the timeframe of this case, in which discovery closed a full three-and-a-half years before trial supports the inclusion of evidence after the close of discovery, in large part due to the nature of the allegations being "ongoing" discharges. Thus, this factor weighs in favor of granting Cedar Lodge's motion.

7. **Sixth Factor—Evidence of post-2015 discharges is highly relevant to Cedar Lodge's claims.**

Because sampling of the pond goes to the contamination and whether the contamination is ongoing, such evidence is highly relevant evidence to the claims, and related discovery is likely to

reveal highly relevant evidence. This factor weighs strongly in favor of granting Cedar Lodge's motion.

## RELIEF SOUGHT

Cedar Lodge requests the following relief: that the parties be permitted to reopen fact discovery for the sole purpose of including evidence of post-January 29, 2013 discharges and expert opinion/testimony related to that evidence. Cedar Lodge requests a brief window for fact discovery; a deadline imposed shortly thereafter to produce related evidence; a deadline imposed shortly thereafter to allow for related deposition; and a deadline imposed shortly thereafter for motions related to the new evidence. Cedar Lodge believes that such an order would not delay the trial date, and that this can be accomplished within eight to twelve weeks while the parties prepare for trial.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order that fact discovery be reopened for the sole purpose of allowing fact discovery on post-January 2013 discharges.
2. Establish new discovery deadlines associated with this reopening.

## CERTIFICATE OF CONFERENCE

Counsel for Cedar Lodge has contacted counsel for the Defendants, and the Defendants do not consent to this motion.

/s/ Kristin Lausten
_____

*~ Signature Block & Certificate of Service Next Page ~*

<table>
<tr><td>

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/EFC system, which will send a Notice of Electronic Filing to all counsel of record who have registered to receive electronic service, on the 29th day of August, 2019.

   /s/ Kristin Lausten
_____

</td><td>

Respectfully Submitted,

/s/ Kristin Lausten
_____

Kristin Lausten
Scott, Vicknair, Hair, & Checki, LLC
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Phone: (504) 684-5200
Fax: (504) 613-6351
lausten@svhclaw.com
*Attorney for Plaintiff*

</td></tr>
</table>