UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CEDAR LODGE PLANTATION LLC, ET AL. | CIVIL ACTION |
| VERSUS | |
| CSHV FAIRWAY VIEW I, LLC ET, AL. | NO: 13-00129-BAJ-EWD |

## ORDER

Before the Court is Plaintiff's **Motion to Reopen Discovery for the Limited Purpose of Including Evidence of Post-January 29, 2013 Discharges (Doc. 293)**. Defendants filed an opposition. (Doc. 296). Plaintiff requests the Court to permit the submission of evidence of post-January 29, 2013 sewer discharges and expert opinion and testimony related to that evidence.

Plaintiff asserts that good cause exists as required by Federal Rules of Civil Procedure 16. Plaintiff claims that the inclusion of more recent discharges is important because it supports Plaintiff's allegations of ongoing discharge by Defendant. Plaintiff claims that if discovery is not reopened, Plaintiff "will be forever barred from having an expert opine on more recent evidence." (Doc. 293 at p. 3). Plaintiff further claims that there is little to no prejudice to Defendants other than the passage of time as Plaintiff notes that gathering the evidence will take eight to twelve weeks. Defendants argue that Plaintiff seeks unnecessary discovery that would prejudice Defendants by increasing the costs of litigation and jeopardizing the trial date. Defendants contend that Plaintiff has not shown good cause, and Plaintiff

1

has already had the opportunity to conduct discovery concerning the alleged post-January 29, 2013 discharges as they conducted much of it after the December 31, 2015 discovery deadline.[1] Defendants further contend that Plaintiff's expert, Suresh Sharma, even addressed samples that he collected in March 2015 in his expert report. (Doc. 296 at p. 3).

Fed. R. Civ. P. 16 provides that a schedule may be modified only for good cause and with the judge's consent. The United States Court of Appeals for the Fifth Circuit has explained that "the good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In the context of an untimely motion to submit export reports, designate experts, or amend pleadings, the Fifth Circuit applies a four-factor balancing test to determine whether good cause exists: (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. See *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997) (submit expert reports); *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990) (designate expert witnesses); *S&W enterprises, LLC,* 315 F.3d at 536 (amend the pleadings).

---

[1] In their opposition, Defendants assert that the parties agreed to permit additional discovery after the December 31, 2015 deadline. Defendants further assert that Plaintiffs conducted all of its discovery after January 29, 2013 and focused much of its discovery on events that allegedly occurred after the filing of the suit. (Doc. 296 at p. 3).

2

Although the Fifth Circuit has not yet applied this test to a motion to re-open discovery, this Court and one other court within this Circuit has applied this four-factor test to a motion to re-open discovery. See *Tingle v. Hebert*, No. CV 15-626-JWD-EWD, 2018 WL 1726667 (M.D. La. Apr. 10, 2018); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp. 2d 488,493 (S.D. Tex. 2009). In *Tingle v. Hebert*, the Court denied a motion to reopen discovery for limited purposes because defendants offered no explanation for the failure to file a motion to amend the scheduling order, the additional discovery requested was not important to the case, and any continuance would not cure the prejudice caused by the increased costs of litigation that will result from permitting additional discovery. *Id.* at 10.

The record reflects that multiple extensions related to discovery have been issued in this matter. The initial fact discovery deadline was November 30, 2015, and the expert discovery deadline was March 31, 2016. The Court found good cause to extend the deadline to December 31, 2015 (Doc. 73), and in February 2016, the Magistrate Judge issued an Order granting Plaintiff's motion to extend expert discovery deadlines to May 31, 2016. (Doc. 86). On May 13, 2016, Plaintiff filed a motion to extend expert discovery deadlines (Doc. 113), which the Court granted (Doc. 118) and reset the deadline to June 16, 2016. On August 24, 2016, Defendants filed a motion to extend the deadline to depose new witnesses (Doc. 166), which the Court also granted and reset the deadline to September 30, 2016. (Doc. 170). In addition to the extension of discovery deadlines, Plaintiff has twice requested continuance of the trial date (See Docs. 240, 299).

3

The Court finds that Plaintiff has failed to establish good cause to again justify the reopening or extension of discovery. Plaintiff framed its argument for good cause on a of six factor test from a District of Columba case[2], rather than the four factors required to be considered by the Fifth Circuit. The Court finds that Plaintiff has failed to offer a satisfactory explanation for the failure to adhere to the deadline at issue. Plaintiff was provided ample opportunities to gather and submit post January 29, 2013 evidence by the discovery deadline and has failed to provide a compelling reason as to why the Court should provide another deadline. The Court also finds that Plaintiff has already conducted much discovery regarding the ongoing sewer discharges after the January 29, 2013 date. Given these circumstances, Plaintiff's allegations of ongoing discharge should be satisfactorily supported by its evidence. Thus, the addition of more recent evidence of ongoing discharge is not so important that it warrants further delay of the trial. The Court also finds that the potential prejudice of Plaintiff being precluded from having an expert testify to the more recent evidence of discharge does not outweigh the prejudice that will be caused by increased costs of litigation from permitting additional discovery. Finally, the Court finds that a continuance would not cure the prejudice but instead would exacerbate the alleged harm. Accordingly,

---

[2] *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011).

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

Baton Rouge, Louisiana, this 31st day of January, 2020.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**