UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDAR LODGE PLANTATION, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **CSHV FAIRWAY VIEW I, LLC, ET AL.** | **NO. 13-00129-BAJ-EWD** |

### RULING AND ORDER

Before the Court is Plaintiff Cedar Lodge Plantation, LLC's ("Cedar Lodge") **Opposed Motion To Reopen Discovery Limited To Evidence And Expert Disclosures Of Post-September 30, 2016, Discharge And Contamination (Doc. 325)**. In sum, Cedar Lodge seeks an order re-opening fact *and* expert discovery, to allow Cedar Lodge to develop additional evidence of post-litigation discharge, *and* to retain a new expert witness to replace their current environmental expert, Dr. Suresh Sharma. (Doc. 325-1 at 11).

Cedar Lodge's request to replace Dr. Sharma is new; its request to re-open discovery is not. Indeed, by Order dated January 31, 2020, the Court previously denied Cedar Lodge's request to develop additional evidence of post-litigation discharge, determining that Cedar Lodge had failed to show good cause to re-open discovery. (Doc. 317). Understandably, Defendants oppose Cedar Lodge's second bite at the apple. (Doc. 326). Defendants also oppose Cedar Lodge's request to replace Dr. Sharma.

As to its first request—to re-open discovery—Cedar Lodge's Motion is, in force

1

and effect, a motion for relief from a prior Court order denying precisely the same request. As such, the Court will weigh Cedar Lodge's renewed request against Federal Rule of Civil Procedure ("Rule") 60(b).

Rule 60(b) sets forth five specific grounds for relief from a prior order—none of which are applicable here—as well as a final catch-all provision affording relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)'s catch-all provision is reserved for "extraordinary situations" or "exceptional circumstances," *U.S. ex rel. Garibaldi v. Orleans Par. Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005), and does *not* extend relief to litigants that seek merely to "rehash prior arguments," *Stewart v. Leonard*, 695 F. App'x 800, 801 (5th Cir. 2017) (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007)).

Here, Cedar Lodge does not present extraordinary or exceptional reasons to support its renewed request to re-open discovery, but instead suggests that the Court should reconsider its prior ruling because trial has been continued until March 2022, thereby allowing more time to gather the discover it seeks. (Doc. 325 at 8-9). Moreover, as noted by Defendants, Cedar Lodge's renewed request is based on the same failed arguments that it offered in support of its original motion. (Doc. 325 at 9-14). In sum, Cedar Lodge has again failed to show that it is entitled to additional time to gather evidence of post-litigation discharge that it could *and* should have gathered within the pre-existing discovery window. Accordingly, Cedar Lodge's request to re-open discovery will be denied.

Likewise, the Court is not persuaded by Cedar Lodge's request to replace Dr.

Sharma. Ostensibly, this request is based solely on Cedar Lodge's desire to accommodate Dr. Sharma's "plans to be in India in the Spring of 2022," which may result in him be unavailable to testify at trial. (Doc. 325-1 at 11). As noted by Defendants, however, Cedar Lodge has long known of Dr. Sharma's desire to withdraw from these proceedings. Indeed, the matter was specifically raised to the Court's attention at the April 17, 2019 status conference. Yet, despite knowing of Dr. Sharma's misgivings, and the likelihood that Dr. Sharma would seek to avoid his obligation to testify a trial, Cedar Lodge waited more than two years to seek substitution. Plainly, Cedar Lodge's current predicament was foreseeable, and therefore does not justify allowing a substitution at this late date. *See Leibel v. NCL (Bahamas) Ltd.*, 185 F. Supp. 3d 1354, 1356–57 (S.D. Fla. 2016) (Lenard, J.) ("[C]ourts have been … consistent in denying motions to substitute an expert witness when the reason for the substitution was foreseeable and resulted from the parties' lack of diligence." (citing authorities)).

Accordingly,

**IT IS ORDERED** that Cedar Lodge's **Opposed Motion To Reopen Discovery Limited To Evidence And Expert Disclosures Of Post-September 30, 2016, Discharge And Contamination (Doc. 325)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 29th day of July, 2021

_____
**BRIAN A. JACKSON, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3