## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CEDAR LODGE PLANTATION, LLC, ET AL.**                                    **CIVIL ACTION**

**VERSUS**

**CSHV FAIRWAY VIEW I, LLC, ET AL.**                                    **NO. 13-00129-BAJ-EWD**

### RULING AND ORDER

Before the Court (again) is Defendants' **Motion In Limine To Exclude Evidence And Testimony Regarding The Alleged Cost To Drain The Pond (Doc. 229)**. Plaintiff opposes Defendants' Motion, contending that such evidence is relevant to its calculation of damages because "draining the pond is necessary in order to restore the pond's health to the original condition." (Doc. 244 at 4).

Six years ago, the Court *granted* Defendants' Motion, citing two reasons. First, Plaintiff's only evidence of such costs came from its proposed environmental expert, Suresh Sharma, but the Court previously excluded Mr. Sharma from trial, determining that he was not qualified to offer reliable expert testimony in this case. Second, the Court ruled that such evidence was no longer relevant, due to having previously dismissed Plaintiff's claim for restoration damages. (Doc. 271 at 29-30).

The United States Court of Appeals for the Fifth Circuit took a different view on appeal, holding that Mr. Sharma is qualified to testify regarding restoration damages (including the cost to drain the pond), and that, if Plaintiff satisfies the jury that Defendants are liable for polluting the pond, the jury "is also to determine

1

whether to award any damages for the cost of draining the pond." (Doc. 279 at 15). On this basis, the Circuit vacated this Court's ruling excluding "the cost-to-drain evidence," and remanded "for reconsideration." (*Id.*). Rather than wait for trial to re-litigate their objection to this evidence, Defendants now insist that their original Motion must be decided anew. (Doc. 342 at 17-19). This order follows.

> It is well settled that motions in limine are disfavored. Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial. An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence may be resolved in the proper context.

*Thibodeaux v. T-H Marine Supplies, LLC*, No. 21-cv-00443, 2023 WL 3562975, at *1 (M.D. La. May 19, 2023) (Jackson, J.) (quotations marks and citations omitted); *Griffin v. REC Marine Logistics LLC*, No. 20-00092, 2023 WL 1965428, at *1 (M.D. La. Feb. 13, 2023) (Jackson, J.) (same).

Heeding the general rule that evidentiary issues should be resolved at trial, *id.*, and the Fifth Circuit's guidance on remand, the Court determines that the better course this time around is to *deny* Defendants' Motion. First, despite Mr. Sharma being designated as Plaintiff's only witness capable of providing testimony regarding the cost of "remediation and restoration of the pond," (Doc. 342 at 73), there is considerable doubt regarding whether Mr. Sharma will even appear at trial. (*See* Doc. 325-1 at 6). Indeed, since the Circuit rendered its decision reversing this Court's original ruling, Mr. Sharma has submitted a declaration stating that "[i]n the spring of 2020, I informed [Plaintiff] that I no longer wanted to act as an expert in this

litigation" due to "personal and professional reasons." (Doc. 325-2 ¶ 6). Even further, Mr. Sharma stated unequivocally that due to plans to travel to India, he will not make himself available "to participate in the preparation of this matter or for trial." (*Id.* ¶ 15). Should Mr. Sharma maintain his position that he no longer wants to participate in this case, and skip the current trial date, there will be no evidence of the cost to drain the pond, obviating the need for an evidentiary ruling.

On the other hand, *if* Mr. Sharma relents and appears at trial, and *if* the jury renders a liability verdict against Defendants, the cost of draining the pond may yet be relevant to the jury's determination of damages. (Doc. 279 at 15). But again, this scenario depends on multiple hypotheticals. Better then to reserve a ruling on the admissibility of cost-to-drain evidence pending review of the full evidentiary record.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion In Limine To Exclude Evidence And Testimony Regarding The Alleged Cost To Drain The Pond (Doc. 229)** be and is hereby **DENIED**.

Defendants' may renew their objection to introduction of cost-to-drain evidence (as appropriate) at trial.

Baton Rouge, Louisiana, this 22nd day of December, 2023

**BRIAN A. JACKSON, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**